UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWIN MOTINO,

                Plaintiff,

      -against-

NORTH STAR AUTO BODY LLC *et al*,

                Defendants.
----------------------------------------------------------------X

*SUA SPONTE*
**REPORT AND**
**RECOMMENDATION**
23-CV-07442 (GRB) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff Edwin Motino,[1] now proceeding *pro se*, commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 195(1), (3) and § 650 *et seq.* against Defendants North Star Auto Body LLC, North Star Auto Body II LLC, North Star Auto Body III LLC, North Star Collision, Inc., and Richard Valenti (collectively "Defendants"). Plaintiff was employed by Defendants as an autobody mechanic from February 2020 to June 2023. (ECF No. 1 ¶¶ 7, 18.) Plaintiff alleges that he worked from 7:00 AM to 6:00 PM Monday to Friday and on Saturdays from 8:00 AM until around 3:00 PM. (*Id.* ¶ 19.) Thus, he often worked over forty (40) hours in a given workweek but was not paid the appropriate overtime wages. (*Id.* ¶ 21.) In addition, Plaintiff alleges that Defendants violated other provisions of the FLSA and NYLL by ignoring the FLSA's recordkeeping requirements; failing to post notices explaining the wage and hour requirements; and neglecting to provide Plaintiff with a written notice of his rate of pay in his native language

---

[1] This case was originally filed as a collective action but Plaintiff ultimately pursued this case individually. (*See generally* ECF No. 1.)

as well as an accurate statement with his wage payments listing the hours worked.  (*Id.* ¶¶ 22-25.)

Since the commencement of the action nearly one year ago, Plaintiff has failed to appear for three conferences[2] and has failed to comply with Court orders.  The Court has made abundantly clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that continued failure to abide by Court orders could and would result in the undersigned recommending to the district judge that this case be dismissed for the failure to prosecute.  (*See* ECF Nos. 23 and 26.)  Plaintiff has now gone radio silent.  Because those warnings were not heeded and in fact ignored, the Court now respectfully recommends to the Hon. Gary R. Brown that the action be dismissed for failure to prosecute.

## PROCEDURAL BACKGROUND

Following Defendants' appearance in this case, the Court held an Initial Conference with the parties and set a case management discovery schedule.  (ECF Nos. 12 and 13.)  All discovery deadlines have since expired.

On March 25, 2024, Plaintiff's counsel filed a motion to withdraw outlining that Plaintiff wrote a letter to Defendants on December 27, 2023 stating that he wished to withdraw his claims against them.  (ECF No. 16.)  The letter states:

> I, Edwin Motino, would appreciate getting my job back at North Star Auto Body. I am voluntarily, and without any promises or duress, asking for my job back. I will notify my attorney that I wish to drop and dismiss the lawsuit presently pending in the United States District Court for the Eastern District of New York under Civil Action 2:23-cv-07442. The entire situation was a big misunderstanding.

(ECF No. 16-1.)

---

[2] (*See* ECF Nos. 21, 23, and 26.)

Since Plaintiff's counsel was informed about this letter on January 11, 2024, he has tried to discuss its contents with Plaintiff, mainly to discuss whether Plaintiff had written it under duress, but to no avail. (ECF No. 16.) Notably, Plaintiff's counsel reported that Plaintiff cancelled meetings with counsel to discuss the letter or otherwise ignored counsel's calls. (*Id.*) Plaintiff's counsel subsequently sent a letter to Plaintiff stating that in light of Plaintiff's failure to communicate, he would be requesting that the Court grant his motion to withdraw as counsel for Plaintiff. (ECF No. 16-2.)

In light of these representations, the undersigned directed all parties to appear for an in-person Status Conference and ordered Plaintiff's counsel to serve a copy of the Court's Order upon Plaintiff as well as the motion to withdraw (ECF No. 16) upon Plaintiff. (ECF No. 18.) Counsel filed proof of service on ECF. (*See* ECF No. 19.)

At the Status Conference, Plaintiff failed to appear. The Court granted Plaintiff's counsel's unopposed motion to withdraw as attorney. (ECF No. 21.) The Court then stayed the case for thirty (30) days to provide Plaintiff time to retain new counsel. (*Id.*) The Court also scheduled another status conference for May 8, 2024. (*Id.*) Outgoing counsel was directed to serve a copy of the Court's order upon Plaintiff (*id.*) and he did (ECF No. 22).

At the May 8, 2024 conference, Plaintiff again failed to appear and no counsel appeared on his behalf. (ECF No. 23.) He was forewarned that failure to appear at the next conference scheduled for June 12, 2024 could result in a recommendation to the District Judge that the case be dismissed for failure to prosecute. (*Id.*) Plaintiff was served with a copy of this Order. (ECF No. 25.)

Finally, Plaintiff failed to appear for a third time at the June 12, 2024 conference even despite having notice of the conference. (ECF No. 26.) The Court announced that it would be

3

issuing a Report & Recommendation to the Hon. Gary R. Brown that the case be dismissed for lack of prosecution in light of Plaintiff's continued failure to appear. (*Id.*) This Order was served on Plaintiff. (ECF No. 27.)

## **DISCUSSION**

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Madison v. Cuomo,* No. 20-CV-06489 (FPG), 2023 U.S. Dist. LEXIS 183264, at *4-5 (W.D.N.Y. Oct. 11, 2023) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is dispositive." *Id.* Here, all of the factors weigh in favor of dismissal.

Regarding the *first* and *second* factors, Plaintiff has notoriously failed to comply with Court orders or otherwise appear at Court-Ordered conferences. Below is a summary of such non-compliance:

| Date/ECF No. | Description | Service Made/Date |
|---|---|---|
| March 25, 2024 (ECF No. 16) | <u>Motion to Withdraw as Attorney</u> – Plaintiff's counsel informed the Court that he has been unable to get in touch with Plaintiff since January 2023 to discuss his letter to Defendants. | Yes March 26, 2024 |
| March 26, 2024 (ECF No. 18) | <u>Order Scheduling In-Person Status Conference</u> – The undersigned ordered all parties to appear with counsel for a conference in light of Plaintiff's letter to Defendants. | Yes March 26, 2024 |
| April 5, 2024 (ECF No. 21) | <u>Status Conference</u> – Plaintiff failed to appear. Plaintiff's counsel's motion to withdraw from representing Plaintiff was granted. The undersigned stayed the case for thirty (30) days to allow time for Plaintiff to retain new counsel. | Yes April 8, 2024 |
| May 8, 2024 (ECF No. 23) | <u>Status Conference</u> – Plaintiff failed to appear. The Court warned Plaintiff that failure to appear at the next scheduled conference could result in the case's dismissal. The undersigned then scheduled another status conference. | Yes May 9, 2024 |
| June 12, 2024 (ECF No. 26) | <u>Status Conference</u> – Plaintiff failed to appear. Plaintiff was cautioned that his failure to appear at future conference would result in a recommendation that his case be dismissed. | Yes June 18, 2024 |

Both Plaintiff's and Defendants' counsel have been diligent in providing Plaintiff with ample notice of Court conferences by serving the undersigned's Orders on the *same day* in certain instances. (*See e.g.* ECF Nos. 19, 22, 25, and 27.) Nonetheless, Plaintiff has failed to appear at a total of three conferences (ECF Nos. 21, 23, and 26). Plaintiff has been radio silent since January 2023—five months to date. (*See* ECF No. 16) (stating that Plaintiff has not been in contact with his counsel after sending the letter to Defendants' counsel in December 2023.) Accordingly, these two factors weigh in favor of dismissal. *See Griffin v. Capra,* No. 18-CV-10405 (KMK), 2022 WL 1003908, at *1-2 (S.D.N.Y. Apr. 4, 2022) (dismissing case where the delay lasted around eight months despite warnings that the case could result in dismissal for failure to prosecute); *Perez v. Edwards,* No. 20-cv-1359 (LJL), 2023 WL 5935029, at *1 (S.D.N.Y. Sept. 12, 2023) (dismissing plaintiff's case pursuant to Fed. R. Civ. P. 41(b) because

5

plaintiff demonstrated a lack of interest in prosecuting his case and persistently failed to comply with several court-imposed deadlines).

*Third*, any further delay is likely to prejudice Defendant. Plaintiff has failed to take any action in this case for an extended period of time. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) ("Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'"). Plaintiff's failure to participate in case proceedings is presumably due to his desire to dismiss the lawsuit. However, Plaintiff has not filed a letter or otherwise communicated his position to the Court for its consideration. Thus, this factor weighs in favor of dismissal.

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena v. Zazzle*, No. 21-CV-5819 (VEC) (RWL), 2022 WL 676009, at *4 (S.D.N.Y. Feb. 25, 2022). The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court numerous orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had several months to be heard and received warnings of possible dismissal. And still, he took no action. This indicates that it is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order

warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective.").

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

On or before June 21, 2024, Defendants' counsel is directed to serve a copy of this Report and Recommendation on Plaintiff by email and regular mail in both English and Spanish and file proof of service via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's

decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       June 18, 2024

                                 **RESPECTFULLY RECOMMENDED:**

                              /s/ *James M. Wicks*
                                  JAMES M. WICKS
                            United States Magistrate Judge